IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE CORNIA, #1235882,<br>   Plaintiff, | ) ) ) | |
| v. | ) ) | 3:08-CV-1088-B-AH |
| DALLAS COUNTY SHERIFF/COUNTY JAIL,<br>   Defendant. | ) ) ) ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Neal Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Defendants are the Dallas County Sheriff and the Dallas County Jail. The Court has not issue process in this case, pending preliminary screening.

Statement of Case: On June 26, 2008, Plaintiff filed this action on the civil rights complaint form. He alleges Defendants improperly administered Dilantin/Phention, an antiseizure medication, without doctor approval beginning in May 2003 when he was incarcerated at the Dallas County Jail. According to Plaintiff, the medication adversely affected

his mental and physical abilities.

On July 7, 2006, Plaintiff filed an action in this Court complaining *inter alia* about the administration of the same medicine beginning in May 2003, through June 8, 2004. *See Cornia v. UTMB/Dallas County Jail, et al.*, 3:06-CV01216-K (N.D. Tex., Dallas, Div.). He named as Defendants UTMB/Dallas county Jail, CTMB, and the Dallas County Jail Medical Records. The Court dismissed the claim against jail medical staff for their actions in dispensing Dilantin as frivolous because it was barred by the two-year statute of limitations. *See id.*, order accepting findings, conclusions and recommendation (Sep. 25, 2006), *affirmed*, No. 07-10222 (5th Cir. Aug. 15, 2007).

Findings and Conclusions: The Court permitted Plaintiff to proceed *in forma pauperis* (IFP) in this action. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

It is well-accepted that courts may appropriately dismiss an IFP action as frivolous, when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

The complaint in this action constitutes repetitive litigation. It seeks to relitigate medical care claims which arise from the same series of events and which Plaintiff unsuccessfully litigated in *Cornia v. UTMB/Dallas County Jail*, 3:06cv1216-K (N.D. Tex.). Therefore, the complaint should be dismissed with prejudice as frivolous. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993) (plaintiff proceeding pro se and *in forma pauperis* could not relitigate allegations raised in previous § 1983 action); *Wilson*, 878 F.2d at 850 (*in forma pauperis* complaint may be dismissed as frivolous if it seeks to relitigate claims which have been unsuccessfully litigated by the plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1020-21 (5th Cir. 1988) (*in forma pauperis* action properly dismissed as frivolous where suit was duplicative of facts and allegations made in previously dismissed suit, and merely named different defendant, whose actions formed partial basis for the previous suit); *see also Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (prisoner's *in forma pauperis* civil rights action was "malicious" and subject to dismissal where it duplicated allegations in pending action in another district court).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District court DISMISS this action with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 3rd day of July, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.